UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RODNEY S. PERRY, SR., <br><br> Plaintiff, <br><br> v. <br><br> RON NEAL, et al., <br><br> Defendants. | CAUSE NO. 3:24-CV-529-GSL-JEM |

OPINION AND ORDER

Rodney S. Perry, Sr., a prisoner without a lawyer, has accumulated three strikes[1] and can only proceed in forma pauperis if he "is under imminent danger of serious physical injury." *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (quoting 28 U.S.C. § 1915(g)). In an order dated July 2, 2024 (ECF 14), the court explained to Perry that, to meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). The court further explained that only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Perry's earlier complaint (ECF 8) named Warden Ron Neal and Debra Taylor as defendants and asserted that he was suffering from an unspecified respiratory problem

---

[1]  (1) *Perry v. Zatecky*, 1:19-CV-3784 (S.D. Ind. filed Sept. 5, 2019), dismissed Nov. 27, 2019, pursuant to 28 U.S.C. § 1915A for failure to state a claim;
  (2) *Perry v. Neal*, 3:22-CV-308 (N.D. Ind. filed April 18, 2022), dismissed March 31, 2023, pursuant to 28 U.S.C. § 1915A; and
  (3) *Perry v. Doe*, 3:22-CV-708 (N.D. Ind. filed August 29, 2022), dismissed October 20, 2022, pursuant to 28 U.S.C. § 1915A.

requiring medical treatment. ECF 8 at 5, 9. The court noted that imminent danger of serious physical injury is a high standard and Perry's allegations were vague. He did not share his diagnosis. He did not describe his respiratory symptoms. He did not explain why he believes his symptoms are related to conditions at the prison. He initially filed his complaint together with seven other plaintiffs, and he notes that they all suffered from "respiratory health problems such as breathing, headache, sinus problems." *Id.* at 9. The court noted that, even if Perry suffers from each of these, he had not described his specific symptoms such that the court could find they pose a serious risk of imminent harm amounting to a genuine emergency. While the court could not find that the facts alleged in the complaint amounted to imminent danger of physical harm, he was granted an opportunity to either pay the $405 filing fee or file an amended complaint addressing the deficiencies pointed out in the order, including clarification of the nature of the imminent risk of serious harm he is allegedly facing. He was cautioned that, if he did not respond by the deadline, this case would be dismissed without further notice.

  Perry did not pay the filing fee. He did file an amended complaint, but it makes no mention of being three-struck or imminent danger. ECF 16. The amended complaint again names Warden Ron Neal and Debra Taylor as defendants and asserts that he has respiratory problems due to exposure to bird and pigeon excrement in an area where ventilation is allegedly inadequate. Perry has been housed in "C" cell house since December 2023 and he has been subjected to the conditions he complains of since at least February 2024. ECF 16 at 5. After moving to "C" cell house, Perry indicates he

developed severe headaches, breathing difficulties, and sinus problems. *Id.* at 6. A relative of Perry's who is employed in the medical field (their specific training or qualifications were not provided) opined that these problems are related to Perry's exposure to birds, pigeons, and their feces. Perry notes that he suffers from diabetes, and this puts him at greater risk of infections. Perry indicates in his amended complaint that he sought a preliminary injunction "because he was afraid that these unsafe conditions pose a serious risk to his health" due to his compromised immune system. *Id.* at 7, n. 6. Perry further notes that he "is in fear of developing a[n] untreatable respiratory problem that will exacerbate in the future due to being housed in such unsanitary living conditions of breathing in pigeon excrement that carries mites in its excrement *prior to March and April 2024.*" *Id.* at 9 (emphasis added).

Perry notes that, prior to his complaints, there was no sanitation plan in place for dealing with the pigeon and bird situation. *Id.* at 8. He further notes that there was no plan to clean up excrement on a daily basis until April of May 2024. However, it appears that greater cleanup efforts have been underway since Perry complained. Windows were repaired and there were attempts to improve the ventilation system.

When Perry's respiratory problems persisted in May 2024, he sought medical attention and was prescribed a nasal spray and pain relievers. He was also provided with a mask to wear at night. These medications were renewed at the end of May 2024. He was seen again in June 2024. More pain relievers were prescribed. An x-ray was ordered, and he was scheduled to be examined by the doctor. Despite efforts to address

3

the problem with birds and pigeons, Perry indicates that the problem is not yet resolved.

Accepting the allegations in Perry's complaint as true, he has not alleged a genuine emergency. Perry alleges he suffers from respiratory symptoms that he believes are linked to exposure to pigeon and bird excrement, and he concedes he is receiving treatment for his respiratory problems. He expresses fear that his condition could worsen while acknowledging that there has been a greater effort to address the problem since he complained. Perry's concerns about possible future problems are too speculative to amount to a real and proximate threat. That the cleanup efforts are not being executed to Perry's satisfaction does not amount to an emergency.

Perry has not demonstrated that he is in imminent danger of serious physical harm, and he also has not paid the filling fee. Therefore, Perry cannot proceed. His motion to proceed in forma pauperis will be denied, his motion for a preliminary injunction will be denied, and this action will be dismissed.

For these reasons, the court:

(1) DENIES the motion to proceed in forma pauperis (ECF 3);

(2) DENIES the motion for a preliminary injunction (ECF 4); and

(3) DISMISSES this case because Rodney S. Perry, Sr., has neither paid the filing fee nor demonstrated he is in imminent danger of serious physical harm.

SO ORDERED on August 8, 2024

/s/Gretchen S. Lund  
JUDGE  
UNITED STATES DISTRICT COURT